1    John E. Gartman (SBN 152300), gartman@fr.com
     Fish & Richardson P.C.
2    12390 El Camino Real
     San Diego, California 92130
3    Telephone:  (858) 678-5070
     Facsimile:  (858) 678-5099
4
     Frank E. Scherkenbach (SBN 142549), scherkenbach@fr.com
5    Fish & Richardson P.C.
     225 Franklin Street
6    Boston, MA  02110-2804
     Telephone:  (617) 542-5070
7    Facsimile:  (617) 542-8906

8    Michael E. Florey, appearing *pro hac vice*, florey@fr.com
     Thomas S. McClenahan (SBN 203204), mcclenahan@fr.com
9    Fish & Richardson P.C.
     60 South Sixth Street, 3300 RBC Plaza
10   Minneapolis, MN  55402
     Telephone:  (612) 335-5070
11   Facsimile:  (612) 288-9696

12   Kelly C. Hunsaker (SBN 168307), hunsaker@fr.com
     Fish & Richardson P.C.
13   500 Arguello Street, Suite 500
     Redwood City, CA 94063
14   Telephone:  (650) 839-5070
     Facsimile:  (650) 839-5071

15
16   Attorneys for Defendant/Counterclaimant NUVASIVE, INC.

16                UNITED STATES DISTRICT COURT

17                SOUTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  MEDTRONIC SOFAMOR DANEK USA, INC., et al., | Case No. 3:08-CV-1512 MMA (AJB) |
| 20                     Plaintiffs, | **DEFENDANT NUVASIVE, INC.'S FIRST AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS** |
| 21         v. | |
| 21  NUVASIVE, INC., | |
| 22                     Defendant. | |
| 23 | |
| 24  NUVASIVE, INC., | **JURY TRIAL DEMANDED** |
| 25                     Counterclaimant, | |
| 25         v. | Judge:    Hon. Michael M. Anello |
| 26                                          | Crtrm:    5, 3rd floor |
| 26  MEDTRONIC SOFAMOR DANEK USA, INC., et al., | |
| 27                     Counterclaim Defendants. | |
| 28 | |

Defendant NuVasive, Inc. ("NuVasive"), by and through its attorneys, hereby answers the First Amended Complaint for Patent Infringement of Plaintiffs Medtronic Sofamor Danek USA, Inc. ("Medtronic USA"), Warsaw Orthopedic, Inc. ("Warsaw"), Medtronic Puerto Rico Operations Co. ("Medtronic Puerto Rico"), and Medtronic Sofamor Danek Deggendorf, GmbH ("Medtronic Deggendorf") (collectively, "Plaintiffs").  NuVasive denies each and every allegation in the First Amended Complaint that is not expressly admitted below.

## PARTIES, JURISDICTION, AND VENUE

1.      NuVasive is without knowledge or information sufficient to admit or deny the allegations of paragraph 1 and therefore denies them.

2.      NuVasive is without knowledge or information sufficient to admit or deny the allegations of paragraph 2 and therefore denies them.

3.      NuVasive is without knowledge or information sufficient to admit or deny the allegations of paragraph 3 and therefore denies them.

4.      NuVasive is without knowledge or information sufficient to admit or deny the allegations of paragraph 4 and therefore denies them.

5.      NuVasive admits the allegations in paragraph 5.

6.      NuVasive admits that the Complaint purports to state claims arising under the patent laws of the United States, Title 35 of the United States Code.  NuVasive denies that there is any merit to the claims.

7.      NuVasive admits the allegations in paragraph 7.

8.      NuVasive admits that it transacts business in this judicial district.  NuVasive denies the remaining allegations of paragraph 8.

9.      NuVasive admits the allegations in paragraph 9.

## PLAINTIFFS' COUNT I

10.      In response to paragraph 10, NuVasive incorporates its responses to paragraphs 1-9 as if fully set forth herein.

11.      NuVasive admits that U.S. Patent No. 5,860,973 (the "'973 patent") is entitled "Translateral Spinal Implant" and that it issued on January 19, 1999.  NuVasive is without

2

knowledge or information sufficient to admit or deny the remaining allegations of paragraph 11 and therefore denies them.

12.     NuVasive denies the allegations in paragraph 12.

13.     NuVasive denies the allegations in paragraph 13.

**PLAINTIFFS' COUNT II**

14.     In response to paragraph 14, NuVasive incorporates its responses to paragraphs 1-13 as if fully set forth herein.

15.     NuVasive admits that U.S. Patent No. 5,772,661 (the "'661 patent") is entitled "Methods and Instrumentation for the Surgical Correction of Human Thoracic and Lumbar Spinal Disease from the Antero-Lateral Aspect of the Spine" and that it issued on June 30, 1998. NuVasive is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 15 and therefore denies them.

16.     NuVasive denies the allegations in paragraph 16.

17.     NuVasive denies the allegations in paragraph 17.

18.     NuVasive denies the allegations in paragraph 18.

**PLAINTIFFS' COUNT III**

19.     In response to paragraph 19, NuVasive incorporates its responses to paragraphs 1-18 as if fully set forth herein.

20.     NuVasive admits that U.S. Patent No. 6,936,051 B2 (the "'051 patent") is entitled "Multilock Anterior Cervical Plating System" and that it issued on August 30, 2005.  NuVasive is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 20 and therefore denies them.

21.     NuVasive denies the allegations in paragraph 21.

22.     NuVasive denies the allegations in paragraph 22.

**PLAINTIFFS' COUNT IV**

23.     In response to paragraph 23, NuVasive incorporates its responses to paragraphs 1-22 as if fully set forth herein.

Case No. 3:08-CV-1512 MMA (AJB)

24.     NuVasive admits that U.S. Patent No. 6,936,050 B2 (the "'050 patent") is entitled "Multilock Anterior Cervical Plating System" and that it issued on August 30, 2005.  NuVasive is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 24 and therefore denies them.

25.     NuVasive denies the allegations in paragraph 25.

26.     NuVasive denies the allegations in paragraph 26.

**PLAINTIFFS' COUNT V**

27.     In response to paragraph 27, NuVasive incorporates its responses to paragraphs 1-26 as if fully set forth herein.

28.     NuVasive admits that U.S. Patent No. 6,916,320 B2 (the "'320 patent") is entitled "Anterior Cervical Plate System" and that it issued on July 12, 2005.  NuVasive is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 28 and therefore denies them.

29.     NuVasive denies the allegations in paragraph 29.

30.     NuVasive denies the allegations in paragraph 30.

**PLAINTIFFS' COUNT VI**

31.     In response to paragraph 31, NuVasive incorporates its responses to paragraphs 1-30 as if fully set forth herein.

32.     NuVasive admits that U.S. Patent No. 6,945,933 B2 (the "'933 patent") is entitled "Instruments and Methods for Minimally Invasive Tissue Retraction and Surgery" and that it issued on September 20, 2005.  NuVasive is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 32 and therefore denies them.

33.     NuVasive denies the allegations in paragraph 33.

34.     NuVasive denies the allegations in paragraph 34.

**PLAINTIFFS' COUNT VII**

35.     In response to paragraph 35, NuVasive incorporates its responses to paragraphs 1-34 as if fully set forth herein.

36.    NuVasive admits that U.S. Patent No. 6,969,390 B2 (the "'390 patent") is entitled "Anterior Cervical Plating System and Bone Screw" and that it issued on November 29, 2005. NuVasive is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 36 and therefore denies them.

37.    NuVasive denies the allegations in paragraph 37.

38.    NuVasive denies the allegations in paragraph 38.

## PLAINTIFFS' COUNT VIII

39.    In response to paragraph 39, NuVasive incorporates its responses to paragraphs 1-38 as if fully set forth herein.

40.    NuVasive admits that U.S. Patent No. 6,428,542 B1 (the "'542 patent") is entitled "Single-Lock Anterior Cervical Plate" and that it issued on August 6, 2002.  NuVasive is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 40 and therefore denies them.

41.    NuVasive denies the allegations in paragraph 41.

42.    NuVasive denies the allegations in paragraph 42.

## PLAINTIFFS' COUNT IX

43.    In response to paragraph 43, NuVasive incorporates its responses to paragraphs 1-42 as if fully set forth herein.

44.    NuVasive admits that U.S. Patent No. 6,592,586 B1 (the "'586 patent") is entitled "Single-Lock Anterior Cervical Plating System" and that it issued on July 15, 2003.  NuVasive is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 44 and therefore denies them.

45.    NuVasive denies the allegations in paragraph 45.

46.    NuVasive denies the allegations in paragraph 46.

## PLAINTIFFS' PRAYER FOR RELIEF

In response to Plaintiffs' Prayer for Relief, NuVasive denies that Plaintiffs are entitled to the relief requested or any other relief.

**AFFIRMATIVE DEFENSES**

NuVasive asserts the following affirmative defenses in response to Plaintiffs' First Amended Complaint.  NuVasive reserves the right to assert additional affirmative defenses as they become known through discovery and the course of the litigation.

**First Affirmative Defense**

47.  NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '973, '661, '051, '050, '320, '933, '390, '542, and '586 patents.

**Second Affirmative Defense**

48.  The '973, '661, '051, '050, '320, '933, '390, '542, and '586 patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 101, 102, 103, and 112.

**Third Affirmative Defense**

49.  The alleged inventor named on the '973 patent, Gary Karlin Michelson, his attorneys, agents, and/or others owing a duty of candor to the United States Patent & Trademark Office (collectively, the "'973 applicants") committed acts constituting inequitable conduct during prosecution of the '973 patent.

50.  In particular, during prosecution of the '973 patent, the '973 applicants were aware of an article by H. V. Crock titled "Anterior Lumbar Interbody Fusion—Indications for its Use and Notes on Surgical Technique," Clinical Orthopedics, vol. 165, p. 157-163 (1982) (the "Crock article").  The Crock article was discussed in the Background of the Invention section of U.S. Patent Application No. 08/074,781, to which the application that issued as the '973 patent originally claimed priority.

51.  The Crock article was not discussed in the application that issued as the '973 patent and was not cited by the '973 applicants during prosecution of the '973 patent.

52.  The Crock article was material to the patentability of the '973 patent.

53.  On information and belief, the '973 applicants withheld the Crock article from the United States Patent & Trademark Office with the intent to deceive the United States Patent & Trademark Office, rendering the '973 patent unenforceable for inequitable conduct.

6

54.     The application that issued as the '973 patent originally claimed priority to multiple applications, the earliest of which was U.S. Patent Application No. 07/205,935, filed June 13, 1988 (the "1988 application").

55.     During prosecution of the application that issued as the '973 patent, the '973 applicants filed an information disclosure statement ("IDS") citing more than forty patents, including U.S. Patent No. 5,192,327 to Brantigan (the "Brantigan patent").  The Brantigan patent was filed on March 22, 1991, and issued on March 9, 1993.  As such, neither the filing date nor the issue date of the Brantigan patent was earlier than the originally-claimed priority date of the application that issued as the '973 patent.

56.     The examiner signed and dated the IDS which included the Brantigan patent on July 28, 1997, and issued a notice of allowance on August 6, 1997.

57.     After the claims were allowed and prosecution on the merits was closed, the '973 applicants amended the priority claim so that the application that issued as the '973 patent no longer claimed priority back to the 1988 application.  The application as amended claimed priority to an application filed on February 27, 1995, which is later than both the filing date and the issue date of the Brantigan patent.

58.     The Brantigan patent was material to the patentability of the '973 patent.

59.     On information and belief, the '973 applicants originally claimed priority to the 1988 application and later amended the priority claim after the claims were allowed over the Brantigan patent with the intent to deceive the United States Patent & Trademark Office, rendering the '973 patent unenforceable for inequitable conduct.

60.     In the Background of the Invention section of the '973 patent, the '973 applicants stated that "In the past, Cloward, Wilterberger, Crock, Viche, Bagby, Brantigan, and others have taught various methods involving the drilling of holes across the disc space between two adjacent vertebrae of the spine for the purpose of causing interbody spinal fusion."  The applicants further stated that "However, all of the prior implants have been inserted from either the front or the back of the patient."

61.     The Crock article discloses an implant inserted from a lateral aspect of the spine.

7

62.     The Brantigan patent also discloses an implant inserted from a lateral aspect of the spine.

63.     The '973 applicants' statement that "all of the prior implants have been inserted from either the front or the back of the patient" was false.

64.     The statement was material to the patentability of the '973 patent.

65.     On information and belief, the '973 applicants made the statement, knowing it to be false, with the intent to deceive the United States Patent & Trademark Office, rendering the '973 patent unenforceable for inequitable conduct.

**Fourth Affirmative Defense**

66.     The alleged inventor named on the '661 patent, Gary Karlin Michelson, his attorneys, agents, and/or others owing a duty of candor to the United States Patent & Trademark Office (collectively, the "'661 applicants") committed acts constituting inequitable conduct during prosecution of the '661 patent.

67.     In particular, during prosecution of the '661 patent, the '661 applicants were aware of the Crock article.  The Crock article was discussed in the Background of the Invention section of U.S. Patent Application No. 08/074,781, to which the '661 patent claims priority.

68.     The Crock article was not discussed in the application that issued as the '661 patent and was not cited by the '661 applicants during prosecution of the '661 patent.

69.     The Crock article was material to the patentability of the '661 patent.

70.     On information and belief, the '661 applicants withheld the Crock article from the United States Patent & Trademark Office with the intent to deceive the United States Patent & Trademark Office, rendering the '661 patent unenforceable for inequitable conduct.

**COUNTERCLAIMS**

NuVasive, for its counterclaims against Plaintiffs, states and alleges as follows:

**The Parties**

71.     NuVasive, Inc. is a Delaware corporation with its principal place of business in San Diego, California.

8

72.     On information and belief, Medtronic USA is a Tennessee corporation with its principal place of business in Memphis, Tennessee.

73.     On information and belief, Warsaw is an Indiana corporation with its principal place of business in Winona Lake, Indiana.

74.     On information and belief, Medtronic Puerto Rico is a Cayman Islands corporation with its principal place of business in Villalba, Puerto Rico.

75.     On information and belief, Medtronic Deggendorf is a German corporation with its principal place of business in Deggendorf, Germany.

**Jurisdiction and Venue**

76.     These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the Federal Declaratory Judgment Act, Title 28 of the United States Code.

77.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

78.     Plaintiffs have consented to personal jurisdiction by commencing an action alleging infringement of the patents-in-suit in this judicial district, as set forth in Plaintiffs' Complaint and First Amended Complaint.

79.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**NUVASIVE'S COUNT I**

80.     NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

81.     An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the infringement of the '973 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

82.     NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '973 patent.

83.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '973 patent.

**NUVASIVE'S COUNT II**

84.     NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

85.     An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the validity of the '973 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

86.     The '973 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 101, 102, 103, and 112.

87.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that the '973 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

**NUVASIVE'S COUNT III**

88.     NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

89.     An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the enforceability of the '973 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

90.     The alleged inventor named on the '973 patent, Gary Karlin Michelson, his attorneys, agents, and/or others owing a duty of candor to the United States Patent & Trademark Office (collectively, the "'973 applicants") committed acts constituting inequitable conduct during prosecution of the '973 patent.

91.     In particular, during prosecution of the '973 patent, the '973 applicants were aware of an article by H. V. Crock titled "Anterior Lumbar Interbody Fusion—Indications for its Use and Notes on Surgical Technique," Clinical Orthopedics, vol. 165, p. 157-163 (1982) (the "Crock

10

1  article").  The Crock article was discussed in the Background of the Invention section of U.S.

2  Patent Application No. 08/074,781, to which the application that issued as the '973 patent

3  originally claimed priority.

4       92.     The Crock article was not discussed in the application that issued as the '973 patent

5  and was not cited by the '973 applicants during prosecution of the '973 patent.

6       93.     The Crock article was material to the patentability of the '973 patent.

7       94.     On information and belief, the '973 applicants withheld the Crock article from the

8  United States Patent & Trademark Office with the intent to deceive the United States Patent &

9  Trademark Office, rendering the '973 patent unenforceable for inequitable conduct.

10      95.     The application that issued as the '973 patent originally claimed priority to multiple

11  applications, the earliest of which was U.S. Patent Application No. 07/205,935, filed June 13,

12  1988 (the "1988 application").

13      96.     During prosecution of the application that issued as the '973 patent, the '973

14  applicants filed an information disclosure statement ("IDS") citing more than forty patents,

15  including U.S. Patent No. 5,192,327 to Brantigan (the "Brantigan patent").  The Brantigan patent

16  was filed on March 22, 1991, and issued on March 9, 1993.  As such, neither the filing date nor

17  the issue date of the Brantigan patent was earlier than the originally-claimed priority date of the

18  application that issued as the '973 patent.

19      97.     The examiner signed and dated the IDS which included the Brantigan patent on

20  July 28, 1997, and issued a notice of allowance on August 6, 1997.

21      98.     After the claims were allowed and prosecution on the merits was closed, the '973

22  applicants amended the priority claim so that the application that issued as the '973 patent no

23  longer claimed priority back to the 1988 application.  The application as amended claimed priority

24  to an application filed on February 27, 1995, which is later than both the filing date and the issue

25  date of the Brantigan patent.

26      99.     The Brantigan patent was material to the patentability of the '973 patent.

27      100.    On information and belief, the '973 applicants originally claimed priority to the

28  1988 application and later amended the priority claim after the claims were allowed over the

11

Brantigan patent with the intent to deceive the United States Patent & Trademark Office, rendering the '973 patent unenforceable for inequitable conduct.

101.   In the Background of the Invention section of the '973 patent, the '973 applicants stated that "In the past, Cloward, Wilterberger, Crock, Viche, Bagby, Brantigan, and others have taught various methods involving the drilling of holes across the disc space between two adjacent vertebrae of the spine for the purpose of causing interbody spinal fusion."  The applicants further stated that "However, all of the prior implants have been inserted from either the front or the back of the patient."

102.   The Crock article discloses an implant inserted from a lateral aspect of the spine.

103.   The Brantigan patent also discloses an implant inserted from a lateral aspect of the spine.

104.   The '973 applicants' statement that "all of the prior implants have been inserted from either the front or the back of the patient" was false.

105.   The statement was material to the patentability of the '973 patent.

106.   On information and belief, the '973 applicants made the statement, knowing it to be false, with the intent to deceive the United States Patent & Trademark Office, rendering the '973 patent unenforceable for inequitable conduct.

107.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that the '973 patent is unenforceable due to inequitable conduct.

## NUVASIVE'S COUNT IV

108.   NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

109.   An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the infringement of the '661 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

110.   NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '661 patent.

12

111.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '661 patent.

## **NUVASIVE'S COUNT V**

112.    NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

113.    An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the validity of the '661 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

114.    The '661 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

115.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that the '661 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

## **NUVASIVE'S COUNT VI**

116.    NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

117.    An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the enforceability of the '661 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

118.    The alleged inventor named on the '661 patent, Gary Karlin Michelson, his attorneys, agents, and/or others owing a duty of candor to the United States Patent & Trademark Office (collectively, the "'661 applicants") committed acts constituting inequitable conduct during prosecution of the '661 patent.

119.    In particular, during prosecution of the '661 patent, the '661 applicants were aware of the Crock article.  The Crock article was discussed in the Background of the Invention section of U.S. Patent Application No. 08/074,781, to which the '661 patent claims priority.

13

120.    The Crock article was not discussed in the application that issued as the '661 patent and was not cited by the '661 applicants during prosecution of the '661 patent.

121.    The Crock article was material to the patentability of the '661 patent.

122.    On information and belief, the '661 applicants withheld the Crock article from the United States Patent & Trademark Office with the intent to deceive the United States Patent & Trademark Office, rendering the '661 patent unenforceable for inequitable conduct.

123.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., NuVasive requests the declaration of the Court that the '661 patent is unenforceable due to inequitable conduct.

## NUVASIVE'S COUNT VII

124.    NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

125.    An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the infringement of the '051 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

126.    NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '051 patent.

127.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., NuVasive requests the declaration of the Court that NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '051 patent.

## NUVASIVE'S COUNT VIII

128.    NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

129.    An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the validity of the '051 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

130.    The '051 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 et seq., including, without limitation, sections 102, 103, and 112.

14

131.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that the '051 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

### NUVASIVE'S COUNT IX

132.     NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

133.     An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the infringement of the '050 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

134.     NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '050 patent.

135.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '050 patent.

### NUVASIVE'S COUNT X

136.     NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

137.     An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the validity of the '050 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

138.     The '050 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

139.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that the '050 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

1

**NUVASIVE'S COUNT XI**

2    140.    NuVasive incorporates by reference the allegations of the preceding paragraphs of

3    its Counterclaims as if fully set forth herein.

4    141.    An actual and justiciable controversy exists between NuVasive and Plaintiffs as to

5    the infringement of the '320 patent, as evidenced by Plaintiffs' First Amended Complaint and

6    NuVasive's First Amended Answer thereto, as set forth above.

7    142.    NuVasive has not infringed and does not currently infringe, either directly or

8    indirectly, any valid claim of the '320 patent.

9    143.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

10    NuVasive requests the declaration of the Court that NuVasive has not infringed and does not

11    currently infringe, either directly or indirectly, any valid claim of the '320 patent.

12    **NUVASIVE'S COUNT XII**

13    144.    NuVasive incorporates by reference the allegations of the preceding paragraphs of

14    its Counterclaims as if fully set forth herein.

15    145.    An actual and justiciable controversy exists between NuVasive and Plaintiffs as to

16    the validity of the '320 patent, as evidenced by Plaintiffs' First Amended Complaint and

17    NuVasive's First Amended Answer thereto, as set forth above.

18    146.    The '320 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101

19    *et seq.*, including, without limitation, sections 102, 103, and 112.

20    147.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

21    NuVasive requests the declaration of the Court that the '320 patent is invalid for failure to satisfy

22    the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and

23    112.

24    **NUVASIVE'S COUNT XIII**

25    148.    NuVasive incorporates by reference the allegations of the preceding paragraphs of

26    its Counterclaims as if fully set forth herein.

27

28

149.   An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the infringement of the '933 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

150.   NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '933 patent.

151.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '933 patent.

**NUVASIVE'S COUNT XIV**

152.   NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

153.   An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the validity of the '933 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

154.   The '933 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

155.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that the '933 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

**NUVASIVE'S COUNT XV**

156.   NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

157.   An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the infringement of the '390 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

158.   NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '390 patent.

17

159.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '390 patent.

### NUVASIVE'S COUNT XVI

160.     NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

161.     An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the validity of the '390 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

162.     The '390 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

163.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that the '390 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

### NUVASIVE'S COUNT XVII

164.     NuVasive incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

165.     An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the infringement of the '542 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

166.     NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '542 patent.

167.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NuVasive requests the declaration of the Court that NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '542 patent.

1

## NUVASIVE'S COUNT XVIII

2      168.    NuVasive incorporates by reference the allegations of the preceding paragraphs of

3  its Counterclaims as if fully set forth herein.

4      169.    An actual and justiciable controversy exists between NuVasive and Plaintiffs as to

5  the validity of the '542 patent, as evidenced by Plaintiffs' First Amended Complaint and

6  NuVasive's First Amended Answer thereto, as set forth above.

7      170.    The '542 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101

8  *et seq.*, including, without limitation, sections 102, 103, and 112.

9      171.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

10  NuVasive requests the declaration of the Court that the '542 patent is invalid for failure to satisfy

11  the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and

12  112.

13

## NUVASIVE'S COUNT XIX

14      172.    NuVasive incorporates by reference the allegations of the preceding paragraphs of

15  its Counterclaims as if fully set forth herein.

16      173.    An actual and justiciable controversy exists between NuVasive and Plaintiffs as to

17  the infringement of the '586 patent, as evidenced by Plaintiffs' First Amended Complaint and

18  NuVasive's First Amended Answer thereto, as set forth above.

19      174.    NuVasive has not infringed and does not currently infringe, either directly or

20  indirectly, any valid claim of the '586 patent.

21      175.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*,

22  NuVasive requests the declaration of the Court that NuVasive has not infringed and does not

23  currently infringe, either directly or indirectly, any valid claim of the '586 patent.

24

## NUVASIVE'S COUNT XX

25      176.    NuVasive incorporates by reference the allegations of the preceding paragraphs of

26  its Counterclaims as if fully set forth herein.

27

28

177.     An actual and justiciable controversy exists between NuVasive and Plaintiffs as to the validity of the '586 patent, as evidenced by Plaintiffs' First Amended Complaint and NuVasive's First Amended Answer thereto, as set forth above.

178.     The '586 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 102, 103, and 112.

179.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., NuVasive requests the declaration of the Court that the '586 patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 101 et seq., including, without limitation, sections 102, 103, and 112.

## NUVASIVE'S PRAYER FOR RELIEF

WHEREFORE, NuVasive respectfully requests that the Court enter judgment in NuVasive's favor and against Plaintiffs as follows:

1.     That Plaintiffs' First Amended Complaint be dismissed with prejudice;

2.     That Plaintiffs take nothing by reason of their First Amended Complaint;

3.     Declaring that NuVasive has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '973, '661, '051, '050, '320, '933, '390, '542, and '586 patents;

4.     That Plaintiffs and their officers, employees, agents, licensees, successors, and assigns, and all persons acting in concert or participation with them, be permanently enjoined from charging that NuVasive has infringed or is infringing the '973, '661, '051, '050, '320, '933, '390, '542, and '586 patents;

5.     Declaring that the '973, '661, '051, '050, '320, '933, '390, '542, and '586 patents are invalid;

6.     Declaring that the '973 and '661 patent are unenforceable due to inequitable conduct;

7.     That this is an exceptional case under 35 U.S.C. § 285;

8.     Awarding NuVasive its costs and reasonable attorneys' fees for this litigation; and

9.     Awarding NuVasive any further relief that the Court deems just and proper.

20

**<u>JURY DEMAND</u>**

NuVasive hereby demands a trial by jury on all issues so triable.

Dated:  November 19, 2008

FISH & RICHARDSON P.C.

By:   */s/ Thomas S. McClenahan*
Thomas S. McClenahan (SBN 203204)
mcclenahan@fr.com

Attorneys for Defendant/Counterclaimant
NUVASIVE, INC.

21

Case No. 3:08-CV-1512 MMA (AJB)

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 19, 2008, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Thomas S. McClenahan*
Thomas S. McClenahan