cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC SOFAMOR DANEK USA, INC., et al., | Civil No.08cv1512 MMA (AJB) |
| Plaintiff, | Order Granting Motion to De-Designate [Doc. No. 51] |
| v. | |
| NUVASIVE, INC., et al., | |
| Defendants. | |

On May 4, 2009, Defendant NuVasive filed a Motion to De-Designate Plaintiff's Preliminary Infringement Contentions (PICs) and Response to Interrogatory 16, which Plaintiff Medtronic opposes on the grounds that the information is commercially sensitive and therefore confidential. Medtronic opposes the motion. The telephonic hearing on this motion set for June 26, 2009 at 1:30 p.m. before Judge Battaglia is hereby vacated as this motion is appropriate for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Defendant's Motion to De-Designate Plaintiff's PICs and Response to Interrogatory 16 is hereby GRANTED.

### *Discussion*

In support of its Motion to De-Designate, Defendant NuVasive argues that Plaintiff Medtronic's PICs and response to interrogatory 16 contain no trade secret, proprietary technology, or other confidential research and development data to warrant a confidential designation. NuVasive adds that, because those documents are derived from and contain publically available information, they cannot be considered confidential.

Medtronic argues that the instant motion should be denied because the information in the documents is "commercially sensitive" and NuVasive has suffered no prejudice. Medtronic's argument rests on two grounds: (1) courts generally allow a party to file PICs containing "commercially sensitive" information under seal; and (2) the information at issue, although based on publically available information, has become protectable private information by virtue of Medtronic's unique analysis and application. The initial burden rests with Medtronic to show good cause for the confidential designation. *See Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994) ("For a protective order to be granted, a party must show that the information is confidential and that the disclosure would be harmful. The burden then shifts to the party seeking disclosure to show that the information sought is relevant and necessary at this point in the litigation.").

### *1.    The Confidentiality of PICs as a General Rule*

Medtronic argues that, as a general rule, courts recognize a party's right to file preliminary infringement contentions under seal. Medtronic contends that the information contained in its PICs and response to interrogatory 16, while not a trade secret in the traditional sense, is nevertheless "commercially sensitive" and should remain confidential. Medtronic stresses that its assessments are preliminary and that releasing them into the public domain without the benefit of full discovery could lead to speculation or confusion on the part of the public, including stock analysts, which in turn could have a detrimental effect on the marketplace. In support of this proposition, Medtronic cites to several recent cases: *Seiko Epson Corp. v. Coretronic Corp.*, 2008 WL 2563383 (N.D. Cal. June 23, 2008); *Phillip M. Adams & Associates, L.L.C. v. Dell, Inc.*, 2007 WL 626355 (D. Utah Feb. 22, 2007); and *Shuffle Master, Inc. v. Yehia Awada and Gaming Entertainment, Inc.*, 2007 WL 4166109 (D. Nev. Nov. 16, 2007)[1].

However, none of these cases addresses the issue being argued by Medtronic. Rather, each of the above opinions merely mentions in passing that a party's preliminary infringement contentions, or

---

[1] Medtronic also cites *Ex Parte Thomas Dag Horn and Sandra Marchese Johnson*, 2008 WL 194237 (B.P.A.I. Jan. 23, 2008) and *Jeremy Nathans Philip M. Smallwood and Patrick Tong, Junior Party (Application 08/621,143) v. John M. Green and Patrick J. Dillon, Senior Party (Patent 6,787,640)*, 82 U.S.P.Q.2d 1600, 2006 WL 1805725 (B.P.A.I. Feb. 15, 2006) for support. However, these cases deal with a party's ability to redact dates with respect to conception and reduction to practice under 37 C.F.R. §41.202(d), and are therefore inapposite.

some part thereof, had been sealed.[2] Medtronic's allegations of harm are broad and do not adequately articulate any specific examples. *Cf. Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-787 (3d Cir. 1994) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. . . . The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order.") (citations omitted). Despite Medtronic's arguments to the contrary, no clearly established law dictates that a court will recognize a party's preliminary infringement contentions as confidential information absent a good cause showing of why the information should be protected.

### 2. *Medtronic's Confidential Designation*

In an attempt to show cause for the confidential designation, Medtronic argues that, while the allegations and assessments contained in its PICs and response to interrogatory 16 are based on publically available information, it has essentially transformed that information, by way of analysis, into private information suitable for protection. While courts clearly have "broad latitude to grant protective orders . . . for many types of information," *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002), Medtronic has failed to demonstrate why its preliminary infringement contentions and response to interrogatory 16 should be so classified. Medtronic's preliminary infringement contentions contain references to patents on file, publically available dates, and publically available product names, none of which is private information. Medtronic's preliminary infringement contentions also contain exhibits, including a number of attachments, displaying detailed images and descriptions of NuVasive's products, all of which appear to be publically available and garnered from NuVasive's brochures.

Similarly, Medtronic's answer to interrogatory 16, aside from general and specific objections, contains little more than observations and assertions that certain publically available documents did not

---

[2] In *Seiko Epson Corp.*, the court stated in a footnote that plaintiff's motion to seal some exhibits of its preliminary infringement contentions would be granted. No discussion was given as to the nature of the contents of those contentions or, for that matter, to any other considerations of the court. In *Phillip M. Adams & Associates*, the court stated, again in a footnote, that plaintiff's infringement contentions had been filed under seal. There was no further discussion. Likewise, in *Shuffle Master*, the court simply mentioned that some documents, including defendant's opening claim construction memorandum, had been filed under seal. Once again, no discussion was given regarding the subject matter of the document's contents or its confidential nature.

disclose specific information, but that such information was later disclosed in other publically available materials. This sort of observation is distinct from the sort of analysis for which courts generally grant protective orders. *See, e.g., Picker Int'l Corp. v. Imagining Equipment Services, Inc.*, 931 F. Supp. 18, 38 (D. Mass. 1995) ("A compilation of public information is protected if that information is, as a result of a business' efforts, combined in a unique way"). Here, there is no unique combination of public information. Rather, Medtronic's answer to interrogatory 16 contains mere observations as to what is or is not disclosed in particular publically available documents.

Medtronic's argues that Nuvasive has suffered no prejudice as a result of the confidential designation of Medtronic's preliminary infringement contentions and response to interrogatory 16, because Medtronic has granted permission for NuVasive to show these confidential documents to its employees and outside counsel almost immediately upon request. However, the burden of proof lies first with Medtronic to show why "the information is confidential and that the disclosure would be harmful." *Kaiser Aluminum*, 153 F.R.D. at 688. Medtronic has failed to meet this initial burden. The information Medtronic wishes to keep confidential is already publically available, thus its disclosure would not alter the status quo or cause harm to Medtronic. Although Medtronic contends that its preliminary infringement contentions and response to interrogatory 16 contain unique analysis not publically available, these observations of publically available information do not "justify court-imposed secrecy." *Procter & Gamble Co. v. Bankers Trust Company*, 78 F.3d 219 (6th Cir. 1996).

### *Conclusion*

Based on the foregoing and for the reasons set forth above, the Court finds that Medtronic has failed to meet its initial burden and had failed to demonstrate how the information contained in its preliminary infringement contentions and response to interrogatory 16 warrants a confidential

//
//
//
//
//
//

designation. As such, the court finds that the confidential designation of Plaintiff Medtronic's preliminary infringement contentions and response to interrogatory 16 unwarranted and hereby GRANTS Defendant NuVasive's Motion to De-Designate.

    IT IS SO ORDERED.

DATED: June 26, 2009

                                               Hon. Anthony J. Battaglia
                                             U.S. Magistrate Judge
                                             United States District Court