UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARSAW ORTHOPEDIC, INC., Plaintiff, v. NUVASIVE, INC., Defendant. | Case No. 3:08-CV-1512 MMA (MDD) |
| NUVASIVE, INC., Counterclaimant, v. MEDTRONIC SOFAMOR DANEK USA, INC., Counterclaim Defendant. | **JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 54(b)** |
| AND RELATED COUNTERCLAIMS. | **PHASE ONE** |

/ / /

This matter involves nine patents asserted by Warsaw Orthopedic, Inc. ("Warsaw") and three patents asserted by NuVasive, Inc. ("NuVasive"). The Court determined that the matter would proceed in phases. Phase I involved three patents asserted by Warsaw – U.S. Patent Nos. 5,860,973 ("the '973 patent"), 6,945,933 ("the '933 patent") and 6,592,586 ("the '586 patent") – and one patent asserted by NuVasive – U.S. Patent No. 7,470,236 ("the '236 patent").

The Court issued a Claim Construction Order relating to the Phase I patents on April 1, 2010. The Phase I patents were tried to a jury, commencing on August 30, 2011, with the Honorable Michael M. Anello presiding. On September 20, 2011, the jury returned a verdict on validity, infringement and damages as to each of the four Phase I patents.

On December 16, 2011, the Court held a one-day bench trial on NuVasive's allegation that the '973 patent is unenforceable due to inequitable conduct. On February 14, 2012, the Court issued its Findings of Fact and Conclusions of Law on NuVasive's equitable defense.

On January 26, 2012, the Court issued its Order denying all pending motions for Judgment as a Matter of Law/for New Trial. The Court also denied Warsaw's requests for entry of permanent injunction and for supplemental damages from July 1, 2010 to the verdict.

NuVasive moved for entry of judgment concerning the Phase I claims pursuant to Fed. R. Civ. P. 54(b); Warsaw and Medtronic Sofamor Danek USA, Inc., ("Sofamor Danek") oppose entry of a judgment under Rule 54(b) while the issues of ongoing royalties and prejudgment interest are unresolved. Having decided all outstanding claims and defenses with respect to the Phase I patents, except for issues involving ongoing royalties for alleged post-verdict infringement and prejudgment interest, the Court finds that there is no just reason for delaying the resolution of the Phase I claims. The Court has considered briefing by the parties on the issue of ongoing royalties and prejudgment interest, and has determined that these narrow issues need not be resolved prior to an appeal of the liability and damages issues. The Court finds that an immediate appeal by both parties will serve the interests of economy and judicial efficiency, in that both parties chose the patents to include in this first phase of the case, and a final resolution of these patents may advance a global resolution of this dispute.

/ / /

The Court therefore **ENTERS JUDGMENT** pursuant to Fed. R. Civ. P. 54(b) as follows:

1. Judgment in favor of Warsaw and against NuVasive in the amount of $101,196,000 on Warsaw's claims of infringement of the '973 patent (claims 24, 41, 42, 57, and 61); the '933 patent (claims 21, 57 and 66); and the '586 patent (claims 78, 148 and 167). The jury determined that Warsaw is entitled to recover lost profits for NuVasive's infringement of the '973 patent, '933 patent, and '586 patent. The award of $101,196,000 thus represents the jury's determination that Warsaw was entitled to lost profits damages (with royalty remainder). The royalty rates determined by the jury were as follows: 10% for the '973 patent, 3% for the '933 patent, and 2% for the '586 patent.

2. Judgment in favor of Warsaw and against NuVasive that claims 24, 41, 42, 57 and 61 of the '973 patent are not invalid by reason of anticipation or obviousness.

3. Judgment in favor of Warsaw and against NuVasive that claims 24, 41, 42, 57 and 61 of the '973 patent are not unenforceable by reason of inequitable conduct.

4. Judgment in favor of Warsaw and against NuVasive that claims 21, 57 and 66 of the '933 patent are infringed by NuVasive.

5. Judgment in favor of Warsaw and against NuVasive that claims 78, 148, and 167 of the '586 patent are infringed by NuVasive.

6. Judgment in favor of Warsaw and against NuVasive on NuVasive's counterclaims seeking declarations of non-infringement and invalidity of the '973 patent, '933 patent, and '586 patent.

7. Judgment that Warsaw is not entitled to permanent injunctive relief.

8. Judgment that Warsaw is not entitled to recover supplemental pre-verdict damages for NuVasive's infringement of the '973, '933, and '586 patents between July 1, 2010 and the verdict.

9. Judgment in favor of NuVasive and against Medtronic Sofamor Danek USA, Inc., ("Medtronic") in the amount of $660,000 on NuVasive's claim of infringement of the '236 patent (claims 1, 5 and 9). The royalty rate determined by the jury for the '236 patent was 5.5%.

/ / /

10. Judgment in favor of NuVasive and against Medtronic on Medtronic's counterclaims seeking a declaration of non-infringement and invalidity of the '236 patent.

11. In accordance with 28 U.S.C. §1961, post-judgment interest shall accrue from the date of entry of this judgment on the amounts set out in paragraphs 1 and 9 above, at the rate and according to the terms set out in §1961.

**IT IS SO ORDERED.**

DATED: March 2, 2012

Hon. Michael M. Anello
United States District Judge