Todd G. Miller (SBN 163200), miller@fr.com
Michael A. Amon (SBN 226221), amon@fr.com
Craig E. Countryman (SBN 244601), countryman@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, California 92130
Phone: (858) 678-5070 / Fax: (858) 678-5099

Frank E. Scherkenbach (SBN 142549), scherkenbach@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, Massachusetts 02210-1878
Phone: (617) 542-5070 / Fax: (617) 542-8906

John M. Farrell (SBN 99649), farrell@fr.com
Jonathan J. Lamberson (SBN 239107), lamberson@fr.com
Keeley I. Vega (SBN 259928), kvega@fr.com
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Phone: (650) 839-5070 / Fax: (650) 839-5071

Attorneys for Defendant/Counterclaimant/
Counterclaim Defendant NuVasive, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARSAW ORTHOPEDIC, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>NUVASIVE, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 3:08-CV-01512-CAB (MDD)<br><br>NUVASIVE, INC.'S OPPOSITION TO MOTION TO CLARIFY ORDER REGARDING ONGOING ROYALTIES PURSUANT TO L.R. 7.1(i)<br><br>Date:      August 16, 2013<br>Time:     3:00 p.m.<br>Judge:   Hon. Cathy Ann Bencivengo<br>Courtroom: 4C<br><br>**REDACTED VERSION** |

Case No. 3:08-CV-01512-CAB (MDD)

Once again Warsaw seeks to delay the appeal of this case by asking the Court to reconsider – **not clarify** – its June 10 Order setting ongoing royalties (D.I. 592). The Court's June 10 Order is clear and requires no clarification:

> NuVasive will pay a royalty of 13.75% on its post-verdict sales of the ***CoRoent XL implants*** found to infringe the '973 patent. NuVasive will pay a royalty of 8.25% for its post-verdict sales of the ***MaXcess retractors*** found to infringe the '933 patent. Warsaw will pay a royalty of 5.5%for its post-verdict sales of the ***NIM-Eclipse nerve monitoring system*** found to infringe the '236 patent.

D.I. 592 at 9 (emphasis added). The Court determined the appropriate rate and base for all three patents-in-suit, including Warsaw's '933 patent and NuVasive's '236 patent. To the extent that either party disagrees with the Court's order, such issues can be dealt with by the Federal Circuit when this case is appealed. That appeal, however, should not be delayed any longer.

Briefing of the ongoing royalty issue was completed on February 24, 2012. At that time, NuVasive addressed the dispute regarding the appropriate base for the '933, explaining that Warsaw's convoyed sales theories were wrong and arguing that the base should include "only those MaXcess retractors found to infringe the '933 patent."[1] D.I. 462 at 8-9. In contrast, Warsaw took the position that the base for the '933 should include the accused MaXcess retractors, the CoRoent implants and the XLP plating system. *Id.* Indeed, at trial, Dr. Neels testified that the '933 base "would include the sales of the accused retractors. **It also includes the sales of the CoRoent implants** in [*sic*] XLP plates, that were used in conjunction with the accused retractors." Amon Decl., Ex. A [Trial Tr. at 1057:5-18] (emphasis added). In the briefing, Warsaw never disputed that Dr. Neels included CoRoent implants in his base for the '933 patent.

---

[1] As noted in NuVasive's opening ongoing royalties brief, the "royalty bases were [] undisputed for all patents except for the '933 patent." D.I. 462 at 5. As such, it is of no moment that neither party discussed the other patents' royalty bases, including the '236 base.

NuVasive's Opposition to Motion to Clarify     1     Case No. 3:08-CV-01512-CAB (MDD)
Order re Ongoing Royalties

1   After the Court issued its June 10, 2013 Order setting ongoing royalty rates and specifying the products to which those rates applied, and in response to a proposal from Warsaw, NuVasive initially took the position that it could agree to use Dr. Neels' base for the '973 patent, but that it could not use his base for the '933. NuVasive also initially agreed to use Dr. Sullivan's base for the '236 as Warsaw never challenged Dr. Sullivan's approach. During subsequent discussions, NuVasive explained that it is unwilling to use Dr. Neels' base for the '933, in part, because it includes the CoRoent implants, effectively making the ongoing royalty rate on the CoRoent products 22% when the '973 and '933 patents are both considered. *See,* Amon Decl., Ex. B (June 24 email from Amon to MacKinnon). Moreover, including the CoRoent implants in the '933 base would be directly contrary to the Court's June 10 Order. *Id.* NuVasive also clarified that it read the Court's Order to set "sales of NIM-Eclipse nerve monitoring systems found to infringe" as the base for the '236 patent rather than the base Dr. Sullivan argued at trial.[2] *Id.*

During the communications between counsel, Warsaw did not argue the '933 base excluded CoRoent implants until July 8, just hours before it filed its motion for reconsideration. Warsaw's eleventh hour change in position does not change the record, which clearly shows Warsaw and its expert had indeed included implants in the '933 base. Nor does it change the fact that this very issue was disputed and briefed in the context of the ongoing royalty briefing, or the fact that the Court already determined both the rate and the base for all three patents, including the '933.

And contrary to Warsaw's argument, the base for the infringing MaXcess retractors amply compensates Warsaw for any ongoing infringement of the '933— ███████████████████████████████████████ ████ That Warsaw disagrees with the Court's June 10 Order does not make the order unclear. Warsaw is free to raise this issue on appeal.

---

[2] There was no need to discuss the base for the '973 patent because Dr. Neels' base is coextensive with the Court's order – there is no disagreement here.

NuVasive respectfully requests that the Court deny Warsaw's motion for reconsideration, and enter final judgment so that the appeal of this case may begin.

DATED:  July 12, 2013                         FISH & RICHARDSON P.C.

By: /s/ Michael A. Amon
       Michael A. Amon

Attorneys for Defendant/Counterclaimant/
Counterclaim Defendant NUVASIVE, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 12, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ LR 5.4(d).  Any other counsel of record will be served by U.S. mail or hand delivery.

/s/ Michael Amon
Michael A. Amon