# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARSAW ORTHOPEDIC, INC., *et al*,<br><br>                  Plaintiff,<br><br>  vs.<br><br>NUVASIVE, INC.,<br><br>                  Defendant. | CASE NO. 08-cv-1512-CAB (MDD)<br><br>ORDER ON MOTION TO CLARIFY<br><br>[Doc. No. 597] |

Before the Court is plaintiff Warsaw's[1] motion to clarify the Court's order regarding ongoing royalties. [Doc. No. 597.] Defendant NuVasive filed an opposition. [Doc. No. 606.] Warsaw filed a reply. [Doc. No. 607.] The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

## DISCUSSION

On June 10, 2013, the Court set post-trial ongoing royalties for NuVasive's continued practice of Warsaw's U.S. Patent No. 6,945,933 ("the '933 patent"). [Doc. No. 592.] The Court set a rate of 8.25% on sales of MaXcess retractors found to

---

[1] Plaintiffs/counterclaim defendants in this action included the following entities: Medtronic Sofamor Danek USA, Inc.; Warsaw Orthopedic, Inc.; Medtronic Puerto Rico Operations Co.; and Medtronic Sofamor Danek Deggendorf, GmbH. They are jointly referred to herein as "Warsaw."

infringe the '933 patent. Warsaw requests the Court expand the royalty base to include, in addition to sales of the infringing retractor: leases of the infringing retractors; CoRoent XL procedures that infringe the '933 method claim, excluding implant revenues; and fixation, such as plates and screws, inserted during procedures that infringe the '933 method claim. [Doc. No. 597-1 at 2.]

Although characterized as a motion for clarification, Warsaw's motion is one for reconsideration. In essence, Warsaw argues the Court erred by not including all the items in the royalty base that its expert argued for at trial. The Court notes that this aspect of the ongoing royalty – the base to which the royalty will apply – was only minimally addressed by the plaintiff in its post-trial briefing. Warsaw included it as a footnote in its opening brief.

> To provide full compensation for use of the '933 patent, this rate would apply to sales of infringing retractors, loaner fees for kits including retractors, and any disposables paid for or used with infringing retractors.

*See* Warsaw's Opening Brief for Ongoing Royalties [Doc. No. 463] at 13, fn. 6. NuVasive disputed broad application of the '933 royalty to items other than the infringing retractors. [Doc. No. 462, at 8-9.]

As the Court emphasized in its order setting the rate and base, the jury did not appear to adopt the plaintiff's damages theories in general. The jury only awarded approximately half of the most conservative estimate the plaintiff advanced. [Doc. No. 592, at 3, fn. 3.] Consequently, the Court inferred that certain arguments for convoyed sales, as part of either a lost profits calculation or as part of a royalty base, were rejected.

The Court therefore declines to adjust the base identified in its prior order to include the items generically described by Warsaw as "disposables paid for or used with the infringing retractors." The Court's prior order [Doc. No. 592] is however clarified with regard to the base for the '933 patent to confirm that the order intended to encompass any lease-type fees paid to NuVasive for the use of retractors, as a form of sales. The Court further amends the order to cover "kits" purchased from NuVasive

that include a loaned infringing retractor provided in conjunction with the kit. However, any portion of a fee paid for such a "kit" that covers CoRoent XL implants found to infringe U.S. Patent No. 5,860,973 must be excluded from the royalty base for the '933 patent.

## CONCLUSION

Warsaw's motion for clarification [Doc. No. 597] is **GRANTED IN PART AND DENIED IN PART**, as set forth more particularly above.

**IT IS SO ORDERED.**

DATED: August 19, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge