Luke L. Dauchot (SBN 229829)
luke.dauchot@kirkland.com
Alexander F. MacKinnon (SBN 146883)
alexander.mackinnon@kirkland.com
Nimalka R. Wickramasekera (SBN 268518)
nimalka.wickramasekera@kirkland.com
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, California  90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiff/Counterclaim Defendant/Counterclaimant
WARSAW ORTHOPEDIC, INC.;
MEDTRONIC SOFAMOR DANEK USA, INC.

Paul D. Tripodi II (S.B.N. 162380)
ptripodi@wsgr.com
Wilson Sonsini Goodrich & Rosati
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Attorneys for Defendant/Counterclaimant/Counterclaim Defendant NUVASIVE, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WARSAW ORTHOPEDIC, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> NUVASIVE, INC., <br><br>  Defendant. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. 3:08-CV-01512-CAB (MDD) <br><br> **JOINT SUBMISSION REGARDING SCHEDULING OF NEW TRIAL ON DAMAGES** <br><br> Date:  May 4, 2015 <br> Time:  2:30 p.m. <br> Judge:  Hon. Cathy Ann Bencivengo <br> Courtroom:  4C |

Pursuant to the Court's April 28, 2015 Order (Dkt. 618), the parties have prepared proposed schedules for a new trial on damages.

**Plaintiff's Proposal:**

The parties have proposed similar schedules with respect to the length of fact discovery and the time to prepare expert reports. However, the proposals differ in two main respects. First, Plaintiff believes that the scope of the Federal Circuit's mandate is clear. Liability with respect to the '973 and '933 patents was affirmed and Plaintiff's damages award was vacated in a written opinion. 778 F.3d 1365, 1379. The Federal Circuit remanded the case for a new trial on damages consistent with that opinion. *Id.* Specifically, the Federal Circuit vacated the jury's determination of a reasonable royalty rate and remanded for a new trial to determine a reasonable royalty on the patented technologies. *Id.* at 1377. As such, the schedule does not require additional time for the parties to meet and confer regarding the scope of the remand. To the extent that the parties disagree regarding the scope of discovery, they may meet and confer during the period allotted for discovery. Second, Plaintiff's position is that motions for summary judgment have already been addressed in this case and need not be revisited. Accordingly, Plaintiff has not included these two items in its proposed schedule.

| **Event** | **Date** |
|---|---|
| Fact Discovery completed (~3-4 months) | August 31, 2015 |
| Expert Reports completed (~2 months) | October 30, 2015 |
| Final pretrial conference order | December 2015 |
| Trial | January 2016 |

**Defendant's Proposal:**

While the parties both propose similar timing for trial, with a trial date in the first half of 2016, there is substantial disagreement about the scope of the remand.

Contrary to the statement in Warsaw's proposal, the Federal Circuit did not simply "vacate" the award. Instead, the Federal Circuit provided a framework for remand, indicating for example that "[a]t the new trial, Warsaw will be limited to a reasonable royalty and cannot recover lost profits." 778 F.3d 1365, 1379. In addition, the Federal Circuit identified a variety of evidence and arguments that would be impermissible on remand. *Id*. at 1373-1377. Thus, a number of preliminary questions will need to be addressed by the parties in advance of fact and expert discovery, including the following:

- What findings/issues do the parties agree constitute law of the case?
- What is the appropriate damages period for consideration by the jury?
- Is the jury's prior determination of reasonable royalty rate binding on remand? If so, is the rate binding for all or part of the damages assessment?
- What is the appropriate time period for the Court's determination of ongoing royalties?

In order to prepare for trial, the Court should approve a framework for discovery, including resolution of any disputes regarding the following:

- What scope of fact discovery (Interrogatories, RFPs and deposition) will be permissible in light of the Federal Circuit decision and current damages caselaw? What limits will apply?
- Will supplementation of expert *damages* reports be permitted? If so, what limits should apply?
- Will supplementation of expert *technical* reports on matters relevant to damages be permissible? If so, what limits should apply?

- How does recent case law[1] on damages impact the permissible scope of discovery?

In light of these relevant questions, NuVasive's schedule includes a short period of time for the parties to exchange proposals, to meet and confer, and to then present any agreements or preliminary disputes to the Court for resolution. By setting some preliminary ground rules at the outset of the proceeding, the Court and parties can reach a common understanding of the scope and content of the remand proceeding.

Similarly, Warsaw has objected to having a period for Daubert and/or summary judgment motions, stating that "motions for summary judgment have already been addressed in this case and need not be revisited." To the extent that expert reports are supplemented, however, there will inevitably be disputes regarding methodology and admissibility, along with any appropriate motions for summary judgment, that will need to be resolved. Thus, Warsaw's view that post-discovery motion practice will be moot in light of the prior appeal is misguided. Accordingly, the schedule on remand should include a period of time for the Court's consideration of these and other pretrial motions.

In light of the foregoing, NuVasive's proposed schedule is as follows:

| Event | Date |
|---|---|
| **Exchange of Proposals & Resolution of Preliminary Disputes (~2 months)** ||
| Plaintiff to Serve Proposal regarding Scope of Remand, Discovery, and Supplementation of Expert Reports | Fri., May 15, 2015 |

---

[1] For example, matters regarding the Entire Market Value Rule such as VirnetX, Inc. v. Cisco Systems, Inc., 767 F.3d 1308 (Fed. Cir. 2014).

| | |
|---|---|
| Defendant to Serve Responsive Proposal regarding Scope of Remand, Discovery, Supplementation of Expert Reports | Fri. May 22, 2015 |
| Parties Meet and Confer | Tues. May 26, 2015 to Fri. Friday, May 29, 2015 |
| Presentation of Joint Proposal regarding scope of remand <u>or</u> Competing Proposals/Motions to the Court by Joint Statement | Fri., June 12, 2015 |
| **Fact Discovery** **(~2 months)** ||
| Fact Discovery commences | Upon court approval of joint proposal <u>or</u> Order re competing proposals (Target July 1, 2015) |
| Fact Discovery period | ~2 months (Target August 31, 2015) |
| **Expert Reports and Discovery** **(~3 months)** ||
| Expert – Warsaw Opening Reports due (technical and/or damages) | Due 1 month after close of fact discovery (Target September 30, 2015) |
| Expert – NuVasive Rebuttal Reports due (technical and/or damages) | Due 1 month after Warsaw reports (Target October 31, 2015) |
| Expert Discovery closes | 1 month after Rebuttal Report (Target November 20, 2015) |
| **Daubert and Summary Judgment Motions** **(~2.5 months)** ||
| Daubert and MSJ Motions Filed | 1 month after close of expert discovery (Target December 20, 2015) |
| Hearing re Daubert and MSJ Motions | Target February 15, 2016 |

| **Trial** | |
|---|---|
| Trial – 45 to 60 days after decision on motions | Target April 2016 |

DATED:  MAY 1, 2015          KIRKLAND & ELLIS LLP

                                        /s/ *Nimalka Wickramasekera*
                                        Luke L. Dauchot
                                        Alexander F. MacKinnon
                                        Nimalka R. Wickramasekera

                                        Attorneys for Plaintiff/Counterclaim
                                        Defendant/Counterclaimant,
                                        WARSAW ORTHOPEDIC, INC.;
                                        MEDTRONIC SOFAMOR DANEK USA,
                                        INC.

DATED:  May 1, 2015          WILSON SONSINI GOODRICH & ROSATI

                                        /s/ *Paul D. Tripodi II*
                                        Paul D. Tripodi

                                        Attorneys for Defendant/Counterclaimant/
                                        Counterclaim Defendant NUVASIVE, INC.

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 633 West Fifth Street, Suite 1550, Los Angeles, California 90071.

On May 1, 2015, true and correct copies of the foregoing document were served to all counsels of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

☒  FEDERAL:  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 1, 2015, in Los Angeles, California.

*/s/ Paul. D. Tripodi*
Paul D. Tripodi