**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WARSAW ORTHOPEDIC, INC., <br><br> Plaintiff, <br> vs. <br><br> NUVASIVE, INC., <br><br> Defendant. | CASE NO. 08-cv-1512-CAB (MDD) <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE LICENSE AGREEMENTS <br><br> [Doc. No. 639] |

Before the Court is NuVasive, Inc.'s motion to exclude license agreements, payments thereunder, and true-up payments between Warsaw Orthopedic, Inc. and its affiliates as evidence of a reasonably royalty rate. [Doc. No. 639.] Warsaw opposed the motion, and NuVasive replied. [Doc. Nos. 644, 646.] The Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). Having considered the parties' submissions, the motion is GRANTED in part and DENIED in part.

This matter is on remand from the Federal Circuit. *See Warsaw Orthopedic Inc. v. NuVasive Inc.*, 778 F.3d 1365 (Fed Cir. 2015). The appellate court affirmed the

jury's finding that NuVasive infringed two of Warsaw's patents. The scope of the case on remand is to determine a reasonable royalty for the infringement of Warsaw's two patents.

NuVasive seeks an order precluding Warsaw from relying in any manner on license agreements with its affiliates—and payments made thereunder—as part of its reasonable-royalty analysis. NuVasive refers the Court to the appellate court's comment that while evidence of existing royalty agreements entered into at arm's length can be evidence of the value of a patent, "royalties paid by related parties have little probative value as to the patent's value." *Id.* at 1377.

The appellate court went on to reference a district court decision in which the district judge determined that the license agreements between Warsaw and its affiliates were not evidence of a royalty rate established by arm's-length transactions and therefore disregarded them in the royalty analysis. *Id.* at 1378, fn.6 (citing *Medtronic Sofamor Danek USA, Inc. v. Globus Med., Inc.*, 637 F.Supp.2d 290, 309 (E.D. Pa. 2009)). This Court agrees in so far as the affiliate licenses cannot be used as evidence of an established royalty.

The appellate court did not however conclude that royalty payments between Warsaw and its affiliates, while of little value as evidence of an established royalty, are completely irrelevant to a reasonable-royalty analysis. *Warsaw*, 778 F.3d at 1378, fn. 7 (the impact that granting a license to a competitor may have on sales of the patented inventions by Warsaw's related companies can be relevant to the hypothetical negotiations). The matter was left to the district court to determine in the trial proceedings. *Id.* at 1378.

It is premature for the Court to preclude Warsaw from relying on its license agreements in any manner as evidence toward establishing a reasonable royalty. The agreements may have relevance among the *Georgia-Pacific* factors in the context of the hypothetical negotiation, as the appellate court suggested. The motion to exclude the licenses and payments thereunder from evidence is DENIED without prejudice.

With regard to "true-up payments" between Warsaw and its affiliates, the appellate court found they were the subject of transfer-pricing policies that had no relationship to the damages analysis for the patented technology. *Id.* at 1377. "[T]he true-up payments have no relevance to the calculation of the reasonable royalty because Warsaw made no effort to determine what percentage of these payments represented royalties for the asserted patents." *Id.* at 1378. NuVasive's motion to exclude reference to the true-up payments as evidence supporting a factor in the reasonable-royalty analysis is GRANTED.

**IT IS SO ORDERED.**

DATED: September 15, 2015

**CATHY ANN BENCIVENGO**
United States District Judge